IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 4 2011
CLERK, U.S. DISTRICT COURT
by_____
Deputy

| | | |
|---|---|---|
| SCOTT MEYERS, ET AL., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | No. 4:11-CV-624-A |
| | § | |
| TEXTRON FINANCIAL CORP., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

After having considered the motion of defendant, Textron
Financial Corp., to dismiss the first amended petition in
intervention of plaintiffs, Scott Meyers and Susan Meyers, all
documents pertinent to such motion, and pertinent legal
authorities, the court has concluded that such motion should be
granted, and that all claims and causes of action asserted by
plaintiffs against defendant should be dismissed with prejudice.

By way of background information, the court here adopts, and
refers the reader to, the memorandum opinion and order the court
signed September 7, 2011, in Case No. 4:11-CV-379-A on the docket
of this court.

Two causes of action are alleged by plaintiffs against
defendant in their first amended petition in intervention--
fraudulent inducement and negligent misrepresentation.  While

this matter was still pending before the bankruptcy court as part of an adversary proceeding, plaintiffs abandoned prosecution of their negligent misrepresentation cause of action, and, in effect, agreed that defendant's motion to dismiss was valid as to that cause of action.  Consistent with those concessions, the court is dismissing the negligent misrepresentation cause of action without further discussion.

The sufficiency of the allegations by which the remaining, fraudulent inducement, cause of action is asserted is determined by Rule 9(b) of the Federal Rules of Civil Procedure, which provides that "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ."[1] Defendant contends in the motion to dismiss that plaintiffs' pleading fails to satisfy the particularity requirements of Rule 9(b).  The Fifth Circuit treats a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted.  See Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017 (5th Cir. 1996).

---

[1]When the instant action was initiated, it was a part of an adversary proceeding in the bankruptcy court.  Rule 7009 of the Bankruptcy Rules says that Rule 9 of the Federal Rules of Civil Procedure applies in adversary proceedings.

The Fifth Circuit has made clear that Rule 9(b) requires, at a minimum, that a plaintiff set forth in the complaint the "who, what, when, where, and how" of the alleged fraud.  United States ex rel. Williams v. Bell Helicopter Textron, 417 F.3d 450, 453 (5th Cir. 2005) (internal quotation marks omitted).  The particularity requirements of Rule 9(b), as the Fifth Circuit applies the Rule, "requir[e] a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  Herrmann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks omitted).  In Williams v. WMX Technologies, Inc., the Fifth Circuit explained that "[p]leading fraud with particularity in this circuit requires time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby."  112 F.3d 175, 177 (5th Cir. 1997) (internal quotation marks omitted).

The requirement that the identity of the person allegedly making the misrepresentation be alleged means that the bare allegation that a corporation made a misrepresentation is not sufficient.  See 7-Eleven Inc. v. Puerto Rico-7 Inc., No. 3:08-CV-140-B, 2008 WL 4951502, at *4 (N.D. Tex. Nov. 19, 2008).

Plaintiffs' first amended petition in intervention contains virtually none of the specificity so clearly mandated by the Fifth Circuit's interpretation and application of Rule 9(b). Not once did plaintiffs identify by name any person who made any alleged misrepresentation. Except for unacceptable general allegations such as "in September 2008" or "[i]n early 2009," First Am. Pet. in Intervention at 9, the "when" element of particularity is absent from plaintiffs' allegations. Also absent are allegations that would satisfy the "where" particularity requirement.

In those instances when plaintiffs claim nondisclosure, the allegations again fail to comply with the Fifth Circuit's particularity standards. In <u>Carroll v. Fort James Corp.</u>, the Fifth Circuit explained:

> In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.

470 F.3d 1171, 1174 (5th Cir. 2006) (internal quotation marks omitted).

Under Texas law, a claim for common-law fraud is not stated based on nondisclosure unless the plaintiff alleges that the defendant concealed or failed to disclose a material fact that

4

the defendant knew the plaintiff was ignorant of or did not have the opportunity to discover, that the defendant intended to induce the plaintiff to take some action by concealing or failing to disclose the material fact, and that the plaintiff suffered as a result of acting on the defendant's nondisclosure.  See Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 341 (5th Cir. 2008). Plaintiffs' concealment, or nondisclosure, fraud claims are deficient by reason of plaintiffs' failure to provide the specificity necessary to state a claim for common-law fraud based on a concealment or nondisclosure theory.  Moreover, no facts are alleged that, if true, would invoke a duty on the part of defendant to disclose the information plaintiffs claim was withheld from them, nor do plaintiffs allege with particularity the how, when, or by whom such a disclosure should have occurred.

For the reasons stated above, the court has concluded that defendant's motion has merit and should be granted.  The only issue remaining is whether the dismissal should be with prejudice.  The court has concluded, for the reasons stated below, that it should be.

Plaintiffs knew, or should have known, starting in early January 2011, when defendant filed its motion to dismiss plaintiffs' original petition in intervention, that plaintiffs' allegations were insufficient.  Plaintiff filed the amended

petition while having that knowledge.  The amended petition did not significantly change the allegations of the original--if anything, the amended petition pleaded the fraud cause of action with less particularity than the original one.  Textron's motion to dismiss the amended petition was filed while this action was pending as an adversary proceeding in the bankruptcy court on February 1, 2011.  Plaintiffs have known, or should have known, at all times since then that the allegations of their amended petition did not satisfy the Fifth Circuit's strict Rule 9(b) standards.

Plaintiffs already have foregone an opportunity to cure their pleading deficiencies by failing to file an adequate pleading after having been put on notice by defendant's motion to dismiss the original petition of the inadequacies in the allegations.  Not only did plaintiffs, with full knowledge that the fraud allegations of the amended petition were under attack, fail to avail themselves of that opportunity to cure their pleading defects, plaintiffs have never filed a motion seeking leave to amend the first amended petition, even after the pending motion to dismiss was filed in February 2011.  The feeble, alternative, request, put at the end of the prayer of plaintiffs' objection to defendant's motion to dismiss the first amended petition, for permission to amend their complaint within ten days

of a hearing on the motion if the motion to dismiss is not denied, lacks the level of enthusiasm that would be shown if plaintiffs had a sincere wish and the ability to make the required allegations.   Plaintiffs have never tendered for filing an amended pleading that they would present as sufficient to satisfy the Rule 9(b) pleading requirements.[2]

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiffs against defendant in plaintiffs' first amended petition in intervention be, and are hereby, dismissed with prejudice.

SIGNED October 4, 2011.

_____
JOHN McBRYDE
United States District Court

---

[2] Rule LR 15.1(a) of the Local Civil Rules of this court requires that any motion for leave to amend be accompanied by a proposed amended pleading.  Plaintiffs have not filed a motion for leave to amend their pleading, much less have they tendered a proposed amended pleading.